OPINION
Shaun Thornhill appeals from the overruling of his motion to vacate his prior guilty plea to a charge of speeding. The trial court took this action without affording Thornhill a hearing on his motion. Thornhill assigns as error the trial court's failure to afford him a hearing. We will affirm.
The record reflects that Thornhill was represented by retained counsel throughout the proceedings in the trial court up to and including his plea of guilty and disposition January 29, 2001. This was Thornhill's third offense within a year. The court imposed a $350 fine, a ten-day jail sentence which it suspended, and a one-year license suspension. The court further ordered Thornhill to take a driving course.
On April 18, 2001, Thornhill, by new retained counsel, moved to vacate his guilty plea. Counsel's memorandum in support stated:
 . . . the Defendant entered a plea of guilty in the above-captioned matter without the benefit of counsel. The Defendant was unaware of the ramifications of his plea, and only pled guilty because the State's attorney confronted him and advised him to do so.
Thornhill's affidavit stated:
1. I am the Defendant in the above-captioned case;
 2. On January 29, 2001, I entered in a guilty plea concerning a speed violation;
 3. I did not knowingly enter a plea and I was not fully aware of all the ramifications of entering a plea;
4. I was not represented at the time of my plea;
The trial court's judgment entry overruling the motion without hearing stated:
 Defendant's Motion to Vacate Plea is hereby denied. The Defendant was, in fact, represented by counsel, Attorney Todd Brecount, and was represented by counsel throughout the case. Further, the State's Attorney, Prosecutor Weithman, does not conduct pre-trials with Defendants and therefore would not have "confronted" Defendant, much less "advised" the Defendant. The only attorney to have confronted or advised Defendant must have been the Defendant's own attorney.
 The matter was set for jury trial on February 2, 2001 at 11:00 a.m. and Defendant's own attorney notified the Court that his client wished to enter a plea; a plea date was set for January 29, 2001 and Defendant appeared and plead, represented by his own attorney.
Crim.R. 32.1 provides that post-conviction, withdrawal of a guilty plea should only be permitted to correct manifest injustice.
In State v. Cosavage (June 28, 1995), Summit App. No. 17074, 17075, unreported, a case involving a post-conviction motion to withdraw guilty pleas, the court stated:
 Accordingly, we hold that a post-sentence motion to withdraw a plea of guilty or no contest is ordinarily subject to denial without a hearing when the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. (Emphasis ours).
Given that the memorandum in support is not of evidentiary quality, it need not be considered in determining whether Thornhill was entitled to a hearing.
Turning to Thornhill's affidavit, which was obviously prepared by successor counsel, we conclude that it was inadequate to demonstrate a manifest injustice. The third numbered sentence is totally lacking the factual specificity necessary to demonstrate manifest injustice. (Successor counsel, who is also appellate counsel, expressly declined to furnish us with a transcript of the plea proceeding so we will presume the regularity of that proceeding). The fourth numbered sentence was properly treated by the trial court as an outright misrepresentation of fact. The argument on appeal that the fourth numbered sentence was actually an allegation of ineffective assistance of counsel is completely lacking in persuasive force.
The assignment of error is overruled, and the judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.